UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-3048-JFW (MRWx)**                                                          Date:  April 20, 2012

Title:         Constance Cartier -v- Sedgwick Claims Management Services, Inc., et al.

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
             None                                                                                    None

**PROCEEDINGS (IN CHAMBERS):**      ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

     On February 14, 2012, Plaintiff Constance Cartier ("Plaintiff") filed a Complaint against Defendant Sedgwick Claims Management Services, Inc. ("Defendant") in Los Angeles County Superior Court.  On April 6, 2012, Defendant filed a Notice of Removal of Civil Action From the Superior Court of the State of California, County of Los Angeles ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

     Federal jurisdiction founded on Section 1332(a) requires that the parties be in complete diversity and the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  When, as in this case, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]."  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in

Initials of Deputy Clerk   sr

controversy.  If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Id.* at 377 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir. 1995)); *see also Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, Allstate should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation omitted).  "Conclusory allegations as to the amount in controversy are insufficient."  *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

  Defendant argues that it is facially apparent from Plaintiff's Complaint that the amount in controversy more likely than not exceeds $75,000.  However, it is not facially apparent from Plaintiff's Complaint that the amount in controversy more likely than not exceeds $75,000.  Although Plaintiff alleges that there were a "continuing series of disclosures" of Plaintiff's medical records spanning over 100 pages, from 2009 through June 2010 and seeks $3,000 in statutory damages "per breach," the Court has absolutely no basis to speculate how many breaches occurred in that time period.  Moreover, although Defendant claims that Plaintiff's requested injunction "would cause substantial harm to [Defendant's] business interests and practices", Defendant presents no evidence to support this claim nor provides any basis for the Court to estimate the amount of damages or harm caused to Defendant's business interests and practices.

  Accordingly, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.

Initials of Deputy Clerk  sr